Daniel Culicover, OSB 226606
dculicover@seyfarth.com
Nicholas Gillard-Byers (*pro hac vice application forthcoming*)
ngillard-byers@seyfarth.com
Elizabeth L. Humphrey (*pro hac vice application forthcoming*)
ehumphrey@seyfarth.com
SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
Telephone: (206) 946-4910
Facsimile: (206) 946-4901

*Attorneys for Defendants BioLife Services LP
and Takeda Pharmaceuticals America, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| P.T., an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>BIOLIFE PLASMA, LLC, a foreign limited liability corporation; TAKEDA PHARMACEUTICALS AMERICA, INC., a foreign business corporation; and WAYNE LAWRENCE, an individual,<br><br>                    Defendants. | Case No. 3:26-cv-767<br><br>**BIOLIFE PLASMA SERVICES LP AND TAKEDA PHARMACEUTICALS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446<br><br>(Multnomah County Circuit Court Case No. 25CV36719) |

PLEASE TAKE NOTICE that Defendants BioLife Plasma Services L.P. ("BioLife"), erroneously named as BioLife Plasma LLC, and Takeda Pharmaceuticals America, Inc., ("Takeda") (collectively, "Defendants"), hereby remove this action from the Circuit Court of the State of Oregon for Multnomah County to the United States District Court for the District of

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Oregon, Portland Division pursuant to the procedure prescribed in 28 U.S.C. Section 1446. Removal is proper on the following grounds:

1.      On or around June 18, 2025, Plaintiff P.T. ("Plaintiff") filed a civil action against Defendants and Wayne Lawrence ("Lawrence") in the Circuit Court of the State of Oregon for Multnomah County ("Multnomah Circuit Court"). (*See*  Declaration of Daniel Culicover in Support of Defendants' Notice of Removal ["Culicover Decl."], ¶ 2, Ex. A ("Complaint")).  In the Complaint, Plaintiff alleges battery and sex discrimination under Oregon state law and seeks damages in the amount of $1,500,000, plus attorney fees and costs. (*Id.*, Ex. A, ¶¶ 11-18). The lawsuit is recorded on the docket as *P.T. v. BioLife Plasma LLC, et al.*, Case No. 25CV36719 (the "State Court Action"). (*See* Culicover Decl., ¶ 2, Ex. A).

2.      Plaintiff served Defendants with a copy of the Complaint and a summons on June 24, 2025. (Culicover Decl., ¶ 3, Ex. B). Defendants timely filed their Answer to the Complaint on July 24, 2025, and thereafter engaged with Plaintiff in discovery. (Culicover Decl., ¶ 4).

3.      The Multnomah Circuit Court entered an order dismissing Lawrence from the State Court Action on March 19, 2026. (Culicover Decl., ¶ 5, Ex. C ("Limited Judgment of Dismissal")). Upon information and belief, Plaintiff has not served Lawrence with the Complaint in the State Court Action as of the date of this Notice of Removal. *Id.*

4.      Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it has been filed within 30 days of receipt[1] by BioLife and Takeda of a copy of the Limited Judgment of Dismissal. 28 U.S.C. § 1446(c)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through

---

[1] It is unclear from the record the date on which Defendants received notice of the Limited Judgment of Dismissal. Thus, in an abundance of caution, Defendants file this Notice of Removal based on the date when the Limited Judgment of Dismissal of Lawrence was entered in the State Court Action, March 19, 2026.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

service or otherwise, of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable.").

## GROUNDS FOR REMOVAL

5.      This Court has diversity jurisdiction over this action. 28 U.S.C. § 1332(a) gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." In this case, both the "diversity" and "amount in controversy" requirements are met.

6.      Under Section 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c). Meanwhile, "an unincorporated association such as a partnership has the citizenships of all of its members." *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (holding that a limited partnership has the citizenship of all its members)).

7.      In this case, there is complete diversity between Plaintiff and Defendants. BioLife Plasma Services L.P. is now, and was at the time Plaintiff filed the State Court Action, a limited partnership formed under the laws of the State of Pennsylvania and is comprised of two entities: (1) Baxalta US Inc. and (2) BioLife Plasma L.L.C. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently). Baxalta US Inc. is a Delaware corporation with its principal place of business located in Bannockburn, Illinois. Therefore, Baxalta US Inc. is a citizen of Delaware and Illinois for purposes of diversity jurisdiction. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently).

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

8.     BioLife Plasma L.L.C. is a limited liability company organized under the laws of the State of Delaware, with a single member, Baxalta US Inc. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently).  Thus, BioLife Plasma L.L.C. is a citizen of Delaware and Illinois for purposes of diversity jurisdiction. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently). Therefore, BioLife Plasma Services, L.P. is a citizen of Delaware and Illinois for purposes of diversity jurisdiction. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently).

9.     Meanwhile, Takeda is now, and was at the time the State Court Action was filed, a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Massachusetts. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently). Accordingly, for purposes of determining diversity jurisdiction, it is a citizen of Delaware and Massachusetts. (*See* Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.'s Corporate Disclosure Statement, filed concurrently).

10.     Plaintiff does not allege her domicile, residence, or state citizenship in the Complaint. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (the citizenship of a natural person is determined by her state of domicile, which is defined as an individual's "permanent home, where she resides with the intention to remain or to which she intends to remain or to which she intends to return."). Upon information and belief, Plaintiff was domiciled in the State of Oregon at the time the State Court Action was filed. Through the course of litigation, Defendants learned that Plaintiff is attending school in Utah. Regardless of whether Plaintiff is

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

deemed domiciled in Oregon or Utah, Plaintiff has not alleged, and Defendants are not aware of, any facts demonstrating that Plaintiff is a citizen of Delaware, Illinois, or Massachusetts.

11.    In addition, Defendants have met their burden to establish the matter in controversy exceeds the $75,000 jurisdictional amount. In the Complaint, Plaintiff expressly alleges damages in the amount of $1,500,000. (*See* Culicover Decl., Ex. A, ¶¶ 14, 18); *see also* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy")).

12.    Removal to the United States District Court for the District of Oregon, Portland Division, is proper under 28 U.S.C. § 1441(a) and Local Rule 3-2(a)(1) because the Complaint was filed in the Circuit Court for the County of Multnomah.

13.    Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendants shall promptly serve written notice thereof to Plaintiff, and Defendants shall file copies of the Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah in accordance with 28 U.S.C. § 1446(d). The Notice of Filing Notice of Removal will be filed in the Circuit Court in the State of Oregon for the County of Multnomah promptly after this Notice of Removal, and a copy will be served on Plaintiff.

14.    In filing this Notice of Removal, Defendants do not waive any defenses that may be available to them in this action, and do not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims, or damages.

15.    Should Plaintiff seek to remand this case to state court, Defendants respectfully request permission to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants ask that the Court retain

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

jurisdiction and, if the Court deems it appropriate, certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

## **CONCLUSION**

16.     WHEREFORE, Defendants remove the State Court Action brought by Plaintiff, now pending in the Circuit Court of the State of Oregon for the County of Multnomah, from said state court to this District Court, and further request that this Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendants may be entitled to receive.

Dated April 17, 2026.                                  Respectfully submitted,

SEYFARTH SHAW LLP


*s/ Daniel Culicover*
Daniel Culicover, OSB 226606
Nicholas Gillard-Byers (*pro hac vice application forthcoming*)
Elizabeth L. Humphrey (*pro hac vice application forthcoming*)
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
T: (206) 946-4923
F: (206) 299-9974
dculicover@seyfarth.com
ngillard-byers@seyfarth.com
ehumphrey@seyfarth.com

*Attorneys for Defendants BioLife Plasma Services L.P. and Takeda Pharmaceuticals America, Inc.*

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT