IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

P.T., an individual,

Plaintiff,

v.

BIOLIFE PLASMA, LLC, a foreign limited liability corporation; TAKEDA PHARMACEUTICALS AMERICA, INC., a foreign business corporation; and WAYNE LAWRENCE, an individual,

Defendants.

Case No. 3:26-cv-00767-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge:

Plaintiff P.T. moves to file her First Amended Complaint ("FAC") against defendants BioLife Plasma, LLC ("BioLife") and Takeda Pharmaceuticals America, Inc. ("Takeda")[1] pursuant to Fed. R. Civ. P. 15. For the reasons stated below, plaintiff's motion should be granted in part.

[1] Defendant Wayne Lawrence was previously dismissed from this case. Culicover Decl. Ex. C, at 1 (doc. 2).

## BACKGROUND

In June 2025, plaintiff initiated this action alleging battery and sex discrimination. *See generally* Compl. (doc. 2). Specifically, plaintiff alleged that, during March 8, 2025, medical appointment to donate plasma, attending nurse Lawrence:

> in the course of providing necessary medical examination of [plaintiff], made sexually suggestive comments, questioned her about whether she was a bikini barista, repeatedly questioned whether she had nipple or genital piercings, and had her remove her top that had no medical purpose. Lawrence groped her breasts. Lawrence then instructed her to walk back and forth in front of him while he watched her walk. Lawrence repeatedly asked her about her social media status. The exam took approximately 45 minutes and at the end, Lawrence demanded that she provide him with her Instagram information. She refused. He instructed her to give him her cell phone number. He then called her cell phone number to confirm that she had given him the correct number. Lawrence kept her from leaving the examination room for so long that by the time she was allowed to exit, the donation center was closed for the day and she was not allowed to donate plasma. Lawrence later texted a picture of himself wearing a pink button-up shirt.

*Id.* at ¶¶ 8-9. Defendants thereafter timely removed plaintiff's claims to this Court.

## STANDARDS

Pursuant to Rule 15, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15. Courts apply Rule 15 with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility; and (4) prejudice to the opposing party. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). This determination "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## DISCUSSION

Via the proposed FAC, plaintiff re-alleges all prior claims and seeks to add claims for negligence and punitive damages based on facts learned through discovery.[2] To that end, the proposed FAC includes the following additional facts:

> ● Lawrence had a propensity to be "sexually inappropriate towards his coworkers and supervisor and it was foreseeable that he would use his position, status, and employment to exploit female patients for his own sexual gratification."
>
> ● Defendants, "through [their] employees, were aware that Lawrence had made sexually inappropriate comments during his training and employment, on occasions prior to March 8, 2025."
>
> ● "By negligently hiring Mr. Lawrence, retaining Mr. Lawrence and by failing to supervise or take corrective actions against Mr. Lawrence as he made sexually inappropriate comments during his training and employment, the defendants acted with malice or a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety, and welfare of plaintiff."

Proposed FAC ¶¶ 5, 22-24 (doc. 15-1). Defendants oppose plaintiff's motion on the grounds of undue delay, futility, and prejudice. Defs.' Resp. to Mot. Am. 3 (doc. 18).

### I. Undue Delay

A plaintiff's delay in requesting amendment is "undue" if they knew of the "facts and theories raised by the amendment in the original pleading" but sat on their rights. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

Defendants argue "Plaintiff's negligence theory is not based on newly discovered facts" because the original complaint "expressly alleged [they] 'knew or had reason to know' that Lawrence 'had a propensity to be sexually aggressive toward patients for his own sexual

---

[2] Plaintiff also seeks to "correct the actual name of the defendant from Biolife Plasma, LLC, to Biolife Services, L.P." Pl.'s Mot. Am. 3 (doc. 15). Defendants do not oppose this request but note the "correct entity [is] 'BioLife Plasma Services, L.P.'" Defs.' Resp. to Mot. Am. 3 (doc. 18).

gratification.'" Defs.' Resp. to Mot. Am. 11-12 (doc. 18) (quoting Compl. ¶ 5 (doc. 2)). Defendants also maintain that plaintiff had "documents concerning Lawrence's alleged prior comments" since August 2025. *Id.* at 12.

The record before the Court demonstrates that defendants had been tracking allegations of misconduct related to Lawrence via an internal "informal tracker" sheet since at least January 2025. Pl.'s Reply to Mot. Am. Exs. 1, 4 (doc. 21). Defendants produced an incomplete version of that sheet in October 2025 – in particular, it included only a partial image of the spreadsheet, which was cut off mid-sentence. Pl.'s Reply to Mot. Am. 2 (doc. 21); Pl.'s Reply to Mot. Am. Ex. 1 (doc. 21-1). Plaintiff requested production of the entire spreadsheet in February and March 2026. Pl.'s Reply to Mot. Am. Exs. 2-3 (doc. 21). However, defendants did not produce the complete "informal tracker" sheet until June 5, 2026. Pl.'s Reply to Mot. Am. 2 (doc. 21); Pl.'s Reply to Mot. Am. Ex. 4 (doc. 21-4). Plaintiff then used the information included therein during depositions in June and July 2026. Pl.'s Reply to Mot. Am. 2 (doc. 21). Plaintiff provided a copy of the proposed FAC to defendants within four days of those depositions concluding and filed the present motion on August 4, 2026 – i.e., prior to the deadline to "amend pleadings or add any additional parties or claims." Order (July 14, 2026) (doc. 14).

It is undisputed that information gleaned from the "informal tracker" sheet and corresponding depositions form the basis of plaintiff's proposed negligence and punitive damages claims. It is equally undisputed that the proposed FAC attempts to conform plaintiff's pleadings with facts learned through discovery – e.g., that defendants knew or should have known of Lawrence's harmful propensities based on his prior (and, in one circumstance, identical) conduct related to female coworkers. *See, e.g.*, Proposed FAC ¶¶ 5, 22 (doc. 15-1); *see also* Pl.'s Reply to Mot. Am. Ex. 4 (doc. 21-4) ("informal tracker" sheet demonstrating that, in January 2025,

Lawrence allegedly asked an employee while on break whether she "was ever a bikini barista" and also whether "a fellow nurse . . . was single and 'looking for a step dad' for [her] daughter"). As such, there is no indication of undue delay.

**II. Futility**

"[F]utility of amendment alone can justify the denial of a motion [to amend]." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009). A proposed amendment is futile if it would be immediately "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Thus, the proposed complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A. Negligence Claim**

To state a plausible negligence claim, a plaintiff must allege facts demonstrating: "(1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent." *Solberg v. Johnson*, 306 Or. 484, 490-91, 790 P.2d 867 (1988) (citing *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 5, 734 P.2d 1326 (1987)).

Defendants contend that, because plaintiff does not "identify any unreasonable hiring, retention, or supervisory act," and "merely recite[s] Oregon's statutory standard," she fails to allege their conduct caused a foreseeable risk of harm. Defs.' Resp. to Mot. Am. 3 (doc. 18). Defendants assert the proposed FAC is "even more deficient as to Takeda" because plaintiff "fail[ed] to allege any facts to establish that Takeda was Lawrence's employer." *Id.* at 9.

Concerning the former, this District has held that the "elements of a cause of action for negligent hiring and retention are the same as for negligence. The plaintiff must show that there was a duty owed to her, the duty was breached, and the breach was the direct cause of the plaintiff's harm." *Dodd v. AA & S Corp.*, 2017 WL 4020426, *3 (D. Or. Aug. 25), *adopted by* 2017 WL 4012957 (D. Or. Sep. 12, 2017) (internal citation omitted). Accordingly, contrary to defendants' assertion, plaintiff does not need to assert specific instances of unreasonable hiring or supervision to proceed, provided she otherwise alleges a plausible negligence claim.

The proposed FAC alleges that Lawrence made sexually inappropriate comments during his employment and defendants did not seek to prevent or otherwise engage in any meaningful corrective action despite having knowledge of these events. Proposed FAC ¶¶ 22-24 (doc. 15-1). Plaintiff has therefore alleged sufficient facts to plausibly suggest BioLife was on notice of the precise conduct that forms the basis of the proposed FAC for the purposes of her negligent retention and supervision claims.[3]

Defendants are correct, however, that the proposed FAC does not contain any well-plead facts intimating that they knew or reasonably should have known, at the time Lawrence was hired, that he posed the type of risk at issue in this case. In fact, plaintiff does not identify any pre-employment conduct in her proposed FAC or briefing, and there is no indication that the "informal tracker" sheet predated Lawrence's employment or coincided with his hiring. Plaintiff's motion is denied in this regard.

[3] Defendants argue plaintiff "fails to provide the factual context necessary to survive a motion to dismiss" in regard to her negligent retention and supervision theories. Defs.' Resp. to Mot. Am. 7-8 (doc. 18). Although the facts within the "informal tracker" sheet could have been more explicitly alleged within the proposed FAC, it is clear that both parties understand the information therein to form the basis of plaintiff's new claims.

Concerning the latter, it is well-established that a "complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is subject to dismissal pursuant to Rule 12(b)(6). *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026) (citation and internal quotations omitted). Here, plaintiff does not distinguish between BioLife and Takeda's alleged misconduct. The FAC consistently refers to "Defendants Biolife and Takeda" collectively, but acknowledges Takeda is the "owner, operator and/or manager of Biolife," and that plaintiff "was at all times mentioned herein a patient of Biolife at the Portland, Oregon clinic." Proposed FAC ¶¶ 2, 4 (doc. 15-1).

In other words, the proposed FAC does not allege facts specific to Takeda's purported negligence in supervising and retaining Lawrence. *See Culinary Studios, Inc. v. Newsom*, 517 F.Supp.3d 1042, 1074-75 (E.D. Cal. 2021) (dismissing the plaintiffs' claims against a subset of defendants under similar circumstances). And, while plaintiff provides additional information via her reply brief about Takeda's relationship with Lawrence, those facts are not included in the proposed FAC. *Compare generally* Proposed FAC (doc. 15-1), *with* Pl.'s Reply to Mot. Am. Exs. 5-7 (doc. 21); *cf. Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (when reviewing a Rule 12(b)(6) motion, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss") (citation omitted; emphasis in original).

**B. Punitive Damages**

To state a plausible claim for punitive damages, a plaintiff must allege facts demonstrating the defendant "acted with malice or showed a reckless and outrageous indifference to the safety of others." *Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 2019 WL 2656141, *2 (D. Or. June 10, 2019). "The Oregon Supreme Court has further clarified that 'malice' means

nothing more than a wrongful act done intentionally without just cause or excuse." *Id.* (citation and internal quotations omitted).

Defendants contend plaintiff's proposed punitive damages claim is "nothing more than a verbatim recitation of the legal standard and fail[s] to include any factual allegations showing that [they] possessed the [requisite] state of mind." Defs.' Resp. to Mot. Am. 11 (doc. 18). Defendants additionally maintain that, because the proposed FAC does not identify any "officer, manager, or corporate decision-maker who knew that Lawrence posed a risk of the misconduct alleged by Plaintiff," her motion should be denied. *Id.*

As addressed above, the FAC alleges BioLife knew of Lawrence's prior misconduct and still did not take any steps or corrective action to limit the behavior from occurring again to other women in the workplace. Therefore, the proposed FAC plausibly alleges BioLife showed a reckless and outrageous indifference to the safety of others by allowing Lawrence to remain on the floor and interact with female coworkers and patients. However, because the proposed FAC contains no facts about Takeda's involvement in Lawrence's on-site employment or retention and supervision – or otherwise indicating that Takeda had any knowledge of Lawrence's propensity for inappropriate behavior – plaintiff's proposed pleadings may be maintained solely in regard to BioLife.

**III. Prejudice**

Prejudice against the opposing party may arise if "the additional causes of action would [have] require[d] further discovery" or "delayed the proceedings." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). When considering a motion to amend, the question of prejudice to the opposing party carries the greatest weight and is a "crucial factor." *Eminence Cap.*, 316 F.3d at 1052.

Defendants argue that allowing the FAC would "impose substantial and avoidable prejudice" because they may need to "consider reopening plaintiff's deposition and conducting additional discovery concerning her negligence and punitive damages theories." Defs.' Resp. to Mot. Am. 3, 13 (doc. 18). But the discovery period has not yet closed – the current deadline is October 30, 2026. Order (July 14, 2026) (doc. 14). Moreover, no trial date has been set in this case, and no dispositive motions have been filed. Finally, plaintiff timely sought to amend the complaint. This factor therefore does not counsel towards denying plaintiff's motion.

**RECOMMENDATION**

For the foregoing reasons, plaintiff's Motion for Leave to Amend (doc. 15) should be granted as to her negligent retention and supervision and punitive damages claims against BioLife and denied in all other respects. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 1st day of October, 2026.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge